# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NATIONAL JOCKEY CLUB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04 C 3743 |
| ) | Magistrate Judge Nan R. Nolan |
| FLOYD "CHIP" GANASSI and ) | |
| GANASSI GROUP, L.L.C., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Compel [59-1]. Defendants seek production of document number PRIV 0001599-1600. Plaintiff National Jockey Club ("NJC") contends that the document is protected from disclosure by the work product doctrine and the attorney-client privilege. Because the work product doctrine applies, the Court need not reach the question of whether the attorney-client privilege applies. Defendants' Motion to Compel [59-1] is denied.

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) prescribes the scope of matters upon which a party may seek discovery. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). A document may be protected by the work-product privilege if it is created by an attorney "in anticipation of litigation." Fed. R. Civ. P. 26(b)(3); Logan v. Commercial Union Ins. Co., 96 F.3d 971, 976 (7th Cir. 1996). An assertion of work-product privilege may be overcome upon a showing of "substantial need" and "undue hardship," but the courts are cautioned to give

even greater protection to attorney opinions which include mental impressions, conclusions, or legal theories concerning prospective litigation. Logan, 96 F.3d at 976, n.4 (stating Fed. R. Civ. P. 26(b)(3) "expressly admonishes courts to give even greater protection against disclosure of opinion work product, meaning 'the mental impressions, conclusion, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.'").

"Prudent parties anticipate litigation, and begin preparation prior to the time suit is formally commenced." Brinks Mfg. Co. v. Nat'l Presto Indus., Inc., 709 F.2d 1109, 1118 (7th Cir. 1983). The test for determining whether the work product doctrine protects materials from disclosure is "'whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" Id. at 1118 (7th Cir. 1983) (quoting 8 Wright & Miller, Federal Practice & Procedure, Civil, Section 2024). The work product doctrine encompasses documents prepared in anticipation of litigation by a party's representative or agent. See Fed. R. Civ. P. 26(b)(3) (covering material "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) . . . .")). Moreover, "[t]he work-product privilege protects documents prepared in anticipation of litigation regardless of whether the anticipated litigation ever occurs." In re: Sealed Case, 146 F.3d 881, 888 (D.C. Cir. 1998).

The document at issue is a single spaced, two-page legal research memorandum prepared by an attorney in George Lalich's firm (Kate Spoto) and is addressed to George Lalich for the purpose of advising Charles Bidwill III, one of NJC's members, regarding legal rights and a potential cause of action against defendant Floyd Ganassi. The legal memorandum is dated January

4, 1999. NJC's privilege log discloses that the subject matter of the memorandum relates to an oral agreement between Bidwill and Ganassi. Lalich's firm apparently represented NJC as well as CMS. NJC points out that the CMS operating agreement was not executed until March, 1999.

Defendants assert that NJC has failed to establish that the memorandum was prepared in anticipation of litigation. The Court has reviewed the memorandum *in camera* and concludes that it may be withheld as work product because it was prepared in anticipation of litigation. It is clear from the nature of the document that the primary motivation behind the creation of the legal memorandum was to assist in determining whether to pursue litigation and to aid in possible future litigation. Brinks, 709 F.2d at 1119. The legal memorandum provides the attorney's analysis of the merits of a potential claim by Charles Bidwill III against Floyd Ganassi regarding an oral agreement. Contrary to Defendants' assertion, the legal memorandum was not prepared in the ordinary course of CMS' business endeavors. Moreover, the bill of the Lalich firm submitted by Defendants does not establish that Defendants or CMS paid for the legal memorandum. On its face, the bill indicates on page one that $11,875.60 was attributable to work done for NJC and $13,622.05 was attributable to work performed for CMS. Finally, Defendants have made no claim of substantial need for the materials. Fed. R. Civ. P. 26(b)(3).

Defendants alternatively argue that NJC owes a fiduciary duty of loyalty, care, good faith, and fair dealing to Defendants and cannot withhold documents from them related to CMS. In 1998, NJC and Ganassi Group formed CMS as an Illinois limited liability company. Defendants state that NJC was the controlling member of CMS. Defendants cite Monfardini v. Dwight, et al., 2004 WL 533132 (N.D. Ill. March 15, 2004), for the proposition that a fiduciary cannot withhold communications with an attorney from persons to whom he has a fiduciary responsibility.

Monfardini dealt with the fiduciary exception to the attorney-client privilege. This exception recognizes that a communication between a client and its attorney may not be privileged from those to whom a client owes a fiduciary duty where the party claiming the exception demonstrates a fiduciary relationship and good cause for overcoming the privilege. Defendants argue that NJC cannot, consistent with its fiduciary duties as a member of CMS, withhold documents from Defendants related to the CMS venture on the basis of the work product doctrine.

It is not clear that the fiduciary exception to the attorney-client privilege applies to the work-product doctrine, and Defendants have failed to provide any analysis demonstrating its applicability. See Donovan v. Fitzsimmons, 90 F.R.D. 583, 587-88 (N.D. Ill. 1981) (noting that the fiduciary exception to the attorney client privilege "cannot be readily applied to defeat the work-product rule."). In any event, Defendants have not made a good cause showing. The Court recognizes that Defendants have not seen the document and can only speculate as to its contents, but the mere assertion of a fiduciary relationship does not overcome the privilege. Moreover, it does not appear from the record that good cause exists. NJC states that Mr. Bidwill decided not pursue the potential claim discussed in the legal memorandum. The memorandum contains the results of legal research by counsel and her opinions and analysis of a potential claim by Mr. Bidwill against Mr. Ganassi relating to an oral agreement. There has been no showing that counsel's opinions, analysis, or advice regarding an oral agreement between these gentlemen are at issue with respect to any claim, affirmative defense, or counterclaim in this lawsuit. Even if the Court was wrong about the relevance of the potential claim relating to the oral agreement, the Court would not find good cause. If necessary, Defendants could obtain the information contained in the legal memorandum by conducting their own legal research and analysis. This is not a situation where the withheld

document contains the only existing proof of a fact that is not available elsewhere.

                             **E N T E R:**

                             */s/ Nan R. Nolan*
                             **Nan R. Nolan**
                             **United States Magistrate Judge**

**Dated: March 22, 2006**